CORDTS FURNITURE COMPANY, complainant-appellant,

*v.*

HARRY L. GOODSTEIN et al., defendants-respondents.

[Submitted May 26th, 1933. Decided September 27th, 1933.]

On appeal from a decree of the court of chancery advised by Vice-Chancellor Fallon, who filed the following opinion:

"My conclusion in the above stated cause is that the complainant is not entitled to the relief prayed in its bill of complaint. I am convinced that the defendants 'Goodstein

Brothers,' who contracted with The Frank Cordts Furniture Company, and Frank Cordts, Sr., as per agreement bearing date February 19th, 1931, have fulfilled said contract in so far as they were obligated thereunder, except as to the collection of claims outstanding which have not thus far been fully collected but through no fault of 'Goodstein Brothers.' One of the chief inducements to 'Goodstein Brothers' for entering into said contract was the right acquired to collect the outstanding book accounts and bills and notes receivable from customers of The Frank Cordts Furniture Company, for the account of said company arising out of sales from its Hoboken and Union City stores aggregating the sum of $275,000, on the basis that sixty per cent. of such collection should be paid to The Frank Cordts Furniture Company, and forty per cent. retained by Goodstein Brothers. By section 6 of the contract aforesaid Goodstein Brothers agreed that they would diligently apply themselves to the collection of the outstanding accounts and render daily statements of collections made by them, and deposit daily to the credit of The Frank Cordts Furniture Company, in a bank depository in the city of Hoboken to be designated by said company, sixty per cent. of the collections as and when made. There was much controversy between the parties at the hearing of the cause as to whether or not the contract in such respect was complied with. I am convinced that the complainant has no cause for complaint in such respect. Collections and accountings were made through the instrumentality of agencies employed by Goodstein Brothers therefor, and under the supervision of Goodstein Brothers. Much of the testimony taken in the cause may not be regarded as pertinent to the issue framed by the pleadings. The contract between the parties is not in anywise ambiguous. Complainant's counsel urged in argument that the court should consider in the determination of the cause certain correspondence, consultations and activities, between counsel and persons representing several interests. It appears to me that such extraneous matters cannot in anywise be regarded as affecting the rights of the parties as set out in the above mentioned contract. The

contract, copy of which is annexed to the bill of complaint and marked Schedule A, is entire, not divisible. The proofs show that Goodstein Brothers exercised diligence in the matter of collections, and established a bureau therefor which functioned very successfully. As contemplated by the contract Goodstein Brothers incorporated an operating company known as The Frank Cordts Furniture Company, Incorporated, for the collection of the uncollected accounts and bills and notes receivable, under their supervision. Under arrangements made between Goodstein Brothers and The Frank Cordts Furniture Company, Incorporated, and Nathenson Furniture Company, Incorporated, The Frank Cordts Furniture Company, Incorporated, continued as the operating company for collections, and the arrangement between such parties provided that daily reports of collections be sent to Goodstein Brothers and to the complainant. Such was done and is being continued. Complainant has been regularly receiving its proportionate share, that is, sixty per cent. of the collections made. The complainant, by its bill and argument thereon, urged that the aforesaid contract between it and Goodstein Brothers was not assignable. Complainant particularly objected to Nathenson Furniture Company, Incorporated, having anything whatever to do with the collections aforesaid. Paragraph 24 of the contract expressly provides: 'This agreement shall be binding upon the parties hereto and their respective heirs, executors, administrators and assigns.' Complainant apparently misapprehends the method contemplated between the parties to the aforesaid contract of setting up an operating agency known as The Frank Cordts Furniture Company, Incorporated, for the collection of the accounts of The Frank Cordts Furniture Company, and that such corporation 'The Frank Cordts Furniture Company, Incorporated,' subsists and is functioning in the collection of the aforesaid account receivable. The nature of the relief sought by the complainant with respect to its attempted deprivation of the rights of Goodstein Brothers in and to the aforesaid in so far as it relates to the collection of accounts receivable, is in the nature of an attempt at for-

feiture, and such is not favored in equity. If the complainant considers that Goodstein Brothers have in anywise breached the contract aforesaid, its remedy for such a breach would be an action at law. The Frank Cordts Furniture Company by its aforesaid contract with Goodstein Brothers parted with all of its interest in and to its outstanding book accounts and bills and notes receivable from its customers arising out of sales from its Hoboken and Union City stores, except as to its right to receive a sum equivalent to sixty per cent. of the moneys collected by Goodstein Brothers from such outstanding book accounts and bills and notes receivable as and when made by Goodstein Brothers or their collecting agencies, when it contracted with Goodstein Brothers for the collection thereof, and cannot complain of Nathenson Furniture Company (an agency employed by Goodstein Brothers in the collection of outstanding accounts of The Frank Cordts Furniture Company) soliciting business from persons owing such accounts whom representatives of Nathenson Furniture Company called upon to collect such accounts outstanding. By the very terms of paragraph 21 of the aforesaid contract the good will of the business of The Frank Cordts Furniture Company, attached to its Hoboken store was sold to Goodstein Brothers. It is clearly apparent therefore that the Frank Cordts Furniture Company could not after so contracting with Goodstein Brothers canvass its old customers and could be restrained by injunction from canvassing same if it undertook to do so. I am convinced that the complainant has no equitable cause of action in the case *sub judice.* It certainly has not established to the satisfaction of the court by clear and convincing proof its right to the relief sought and prayed for in and by its bill of complaint. I will advise a decree dismissing the bill of complaint."

*Messrs. Pierson, Schroeder & Brand* (*Messrs. Lichtenstein, Schwartz & Friedenberg,* on the brief), for the appellant.

*Messrs. Katzenbach, Gildea & Rudner* (*Mr. Louis Rudner,* of counsel), for the respondents.

PER CURIAM.

The decree appealed from will be affirmed, for the reasons expressed in the opinion delivered by Vice-Chancellor Fallon in the court of chancery.

*For affirmance*—THE CHIEF-JUSTICE, TRENCHARD, PARKER, CASE, BODINE, DONGES, HEHER, PERSKIE, VAN BUSKIRK, KAYS, HETFIELD, DEAR, WELLS, DILL, JJ. 14.

*For reversal*—None.